IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TEROLANDO COOKS a/k/a ORLANDO COOKS a/k/a TEORLANDO COOKS[1], | ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-06-1420-T |
| RICHARD MASK, et al., | ) ) ) | |
| Defendants. | ) | |

O R D E R

In this action plaintiff, an inmate appearing *pro se*, asserts claims arising under 42 U. S. C. § 1983, alleging that his civil rights have been violated during his incarceration. Pursuant to 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings.

On January 19, 2007, Judge Purcell filed a Report and Recommendation [Doc. No. 6] in which he recommended dismissal of this action without prejudice to the filing of a new action. Judge Purcell did so because plaintiff failed to file a motion to proceed *in forma pauperis* after he had been notified of the necessity of doing so and after his extended deadline for filing the motion had expired. Plaintiff was first notified by Judge Purcell's order of December 28, 2006 and was given a deadline of January 17, 2007 for submission of the required motion and related affidavit; he was also notified that his failure to comply would result in dismissal of the action without prejudice.

Plaintiff failed to respond; as a result, Judge Purcell filed the Report and Recommendation

---

[1] In the style of the complaint, plaintiff identified himself as Terolando Cooks; however, he signed the complaint as Orlando Cooks. In his subsequent pleadings, he identifies himself as Teorlando Cooks, and his motion recent pleading states that his correct name is Teorlando Cooks. Accordingly, the clerk is directed to add "a/k/a Teorlando Cooks" to the case file in the style of the case.

in which he recommended dismissal of this action. He advised plaintiff of his right to object to the Report and Recommendation, set a February 8, 2007 deadline for filing objections, and expressly advised plaintiff that his failure to timely object would constitute a waiver of the right to appellate review of the findings and conclusions in the Report and Recommendation.

The court file reflects that the copy of the Report and Recommendation mailed to plaintiff was returned by the postal service as undeliverable. A second copy was mailed to him on February 13, 2007 at the only address provided by plaintiff.

In the meantime, plaintiff continued to fail to cure the deficiency by failing to file a motion to proceed *in forma pauperis* and submit the required material supporting that request. Instead, plaintiff filed an "Addendum to Join Parties to Complaint" [Doc. No. 8] on February 13, 2007. The court construed same as a motion to join parties, and denied it by order of February 26, 2007 [Doc. No. 9]. In that order, the court also extended plaintiff's deadline for filing an objection to the Report and Recommendation until March 5, 2007.

On February 26, 2007, plaintiff filed a motion [Doc. No. 10] to reconsider the Report and Recommendation. Therein, he noted that he did not receive it until February 14, 2007, after the initial deadline for objecting has expired, and he accused jail officials of purposefully holding his mail in " an effort to de-rail" his civil rights complaint. In the motion to reconsider, plaintiff for the first time requested an extension of time to comply with Judge Purcell's December 28, 2006 order directing him to file a motion to proceed *in forma pauperis*. On February 26, 2007, without waiting for the court's ruling on his requested extension, plaintiff also filed a motion to proceed *in forma pauperis.*

The record before the court reflects that plaintiff's failure to comply with the initial order

of Judge Purcell regarding the necessity of timely filing an *in forma pauperis* motion and supporting documentation has unnecessarily delayed this action.  The court notes that the only court pleading returned as undeliverable was the Report and Recommendation; the file contains no indication that the December 28, 2006 order was not received.  In any event, it is plaintiff's responsibility to insure that he has provided the court with the correct spelling of his name and his correct address.  *See* LCvR 5.1.   Court orders are deemed delivered upon mailing to the last address  provided to the court.  *Id.*

Upon further review, the court concludes that the magistrate judge was correct in recommending that this action be dismissed without prejudice for failure to comply with the order to file the necessary motion in a timely manner.  Plaintiff is reminded that the dismissal is without prejudice; therefore, he may file a new action accompanied by the proper motion if he desires to proceed *in forma pauperis.*   The Report and Recommendation [Doc. No. 6] is adopted; plaintiff's motion to reconsider same [Doc. No. 10] is denied.  The action is dismissed without prejudice.

IT IS SO ORDERED this 13th day of  March, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE